**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

REZA NAGAHI,

        Plaintiff-Appellant,

v.

EMPLOYMENT DEVELOPMENT
DEPARTMENT; DEBORAH BRONOW;
JAMES CRAWLEY; PAULINE GEE;
TALBOTT A. SMITH; FORREST E.
BOOMER; PETER KINDSCHI; TOM
CAMPBELL, in their individual and
official capacities, as present or former
officers of California Employment
Development Department,

        Defendants-Appellees,

 and

R. ALEXANDER ACOSTA, in his official
capacity as the United States Secretary of
Labor,

        Defendant.

No.   18-15074

D.C. No. 5:07-cv-06268-EJD

MEMORANDUM[*]

Appeal from the United States District Court

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 4, 2022 [**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

Reza Nagahi appeals the district court's order following a remand from this court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's findings of fact for clear error and conclusions of law de novo. *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012). We affirm.

We previously remanded this case for the district court to consider two "possible" forms of relief to which Nagahi might be entitled, including: (1) "a written notification regarding his application for Remedial Education benefits" and (2) "the appropriate measure of Additional Trade Readjustment Allowance (TRA) monetary benefits to which he is entitled by statute."

The district court complied with this order on remand. First, it is undisputed that Nagahi received his written notice regarding Remedial Education benefits. Second, after considering the evidence submitted by the parties, the district court held that Nagahi was not entitled to Additional TRA benefits. This holding is

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

well-supported by the undisputed facts and law. Nagahi conceded that he was temporarily employed in February and March of 2005 and did not apply for unemployment insurance benefits. Even though Nagahi quit the job, he may have qualified for unemployment benefits if he quit for good cause. Exhaustion of unemployment insurance benefits is a prerequisite for the receipt of TRA benefits. 19 U.S.C. § 2291(a)(3)(B) (2005); 20 C.F.R. § 617.11(a)(2)(v)(A) (2005). Contrary to Nagahi's allegation, the 2007 state administrative decision did not award Additional TRA benefits. It found that: (1) Nagahi's application was timely in light of the defendants' failure to give him notice of the application deadline and (2) benefits were payable, provided he was "otherwise eligible." The district court faithfully complied with our previous remand order. We find no error in its ruling.

Nagahi argues that res judicata barred the defendants from raising statutory eligibility on remand. However, no agency decision actually litigated and necessarily decided whether Nagahi had exhausted his unemployment benefits. *See White v. City of Pasadena*, 671 F.3d 918, 927 (9th Cir. 2012) (setting forth the elements of res judicata).

Nor did judicial estoppel preclude the defendants from arguing that Nagahi was not statutorily eligible for benefits. Defendants did not concede statutory eligibility. *See Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th

3

Cir. 2012) (explaining that judicial estoppel only applies if the party's position is "clearly inconsistent with its earlier position.").

Finally, there is no evidence of bias on the part of the district judge. Adverse rulings, alone, do not warrant recusal or establish bias. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

**AFFIRMED.**